649.—ANATOLE COCO v. JAMES CALLIHAM.

A third holder of a negotiable paper before maturity, in good faith, for a valuable consideration, can recover thereon, unless it is shown affirmatively that the original consideration was illegal.

A promissory note, given for Confederate money as the consideration, cannot be enforced in part, predicated upon an assumed value of the illegal currency at the time, when compared with legal currency.

APPEAL from the Seventh Judicial District Court, parish of Avoyelles. *Lewis*, J. *Waddill & Barbin* and *H. Taylor*, for plaintiff and appellant. *E. North Cullom*, for defendant and appellee.

TALIAFERRO, J. The plaintiff, as endorsee of a promissory note, drawn by the defendant on the sixteenth May, 1863, for $5000, payable to the order of Charles Arnold, brings this action to recover its amount.

The defense is, illegality of the contract and failure of consideration. The plaintiff had judgment for a part only of the sum claimed. Both parties have appealed.

Anatole Coco v. James Calliham.

· The facts as we find them in the record, seem to be that, during the late war and a short time before the march of a United States army through the parish of Avoyelles, the defendant, in order to protect his property, effected a sham sale of it to Arnold, the payee of the note, and contracted to pay him $5000 (the consideration of the note) to secure the property from damage and spoliation under the pretext that he was a subject of a foreign country friendly to the United States. The stratagem, however, did not succeed, at least only to a very limited and unimportant extent.

The note, it appears, was transferred before its maturity to the plaintiff. The only important question in the case is, did the plaintiff acquire the owners :ip of the note *bona fide* for a valuable consideration before its maturity and without knowledge of equities and exceptions existing between the prior parties ? A number of facts is shown on the part of the defendant tending in some degree to fix upon the plaintiff a knowledge of the whole transaction out of which the contract between the defendant and Arnold had its origin, and that he knew when he acquired the note what was the consideration for which it was executed, and that the consideration had failed. But these facts are not clear and direct, although they are mighty and forcible. They would seem to warrant the inference of knowledge contended for by the defendant; and apart from other evidence in the record, might amount to constructive knowledge, as it is frequently termed, of the equities set up by the defendant. But in juxtaposition to the array of circumstances from which the evidence at last would only be inferential, we have the positive, direct and unequivocal evidence of the plaintiff himself in his answers to interrogatories propounded to him by the defendant, denying emphatically any and all knowledge of the consideration of the note, or of the failure of the consideration. He swears directly that he gave a valuable consideration for the note, and it is shown by another witness that plaintiff acquired the note before its maturity. The defendant has not rebutted these answers of the plaintiff in the manner required by law, and their damaging effect to the cause of the defendant is not obviated. C. P. art. 354.

The Judge of the Court below took this view of the evidence, and in it we concur. But we do not concur with him as to the basis upon which he rendered his judgment. He assumed that Confederate money was contemplated by the parties as the currency in which the note was to be paid, and therefore proceeded to estimate the value of that currency at the maturity of the note, as measured by gold and United States Treasury notes, and found the mean value to be sixteen dollars of Confederate money for one of United States Treasury notes, and rendered judgment accordingly. There is no sufficient evidence before us to render it entirely clear that the illegal currency, termed Confederate money was the currency in which, by intendment of the par-

Anatole Coco v. James Calliham.

ties, the note was to be paid. If any weight is to be attached to the declaration of Arnold, the payee of the note, it would appear that he contemplated something better in payment than Confederate money; for he said, " he had the note made payable six months after date for the reason that the war would be over in six months; we would lose our cause and the money would be good." On the face of the note is expressed that the $5000 are to be paid " in current money." We do not find in the record evidence sufficiently strong to overcome the presumption that " current money " meant lawful currency.

In no sense was the Judge of the Court below authorized to render a judgment predicated upon an assumed value attached to the illegal currency called Confederate money. The note is either good for its whole amount or null for the whole. Conceiving that we should, from the evidence, hold it to be good in the hands of the plaintiff, judgment, we think, should be rendered for the whole.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed. It is further ordered that the plaintiff recover from the defendant five thousand dollars with five per cent. interest thereon from the 16th November, 1863, and that defendant pay costs in both courts.